Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

# UNITED STATES DISTRICT COURT

2023 APR -7 PM 1:45

for the

District of Colorado

JEFFREY P. COLWELL
CLERK

Civil Division

BY_____ DEP. CLK

|  |  |
|---|---|
| Jack Johnson, Michael O'Donnell, Rich Wyatt, Selvoy Fillerup, Deborah Tono<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>The Northwest District of the Wesleyan Church, Matthew Shulaw, Greg McDougall, David E. Kahler, Jeffery Christians, Tim Hoffman, Will Dixon, Sarah Peterka, Junction Plaza Partners, LLC<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No.<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*   ☒ Yes   ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jack Johnson |
| Street Address | P.O. Box 14 |
| City and County | Eastlake (Adams County) |
| State and Zip Code | CO 80614 |
| Telephone Number | 725-202-5177 |
| E-mail Address | jack@kaciproperties.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

1. **The Parties to this Complaint - Continued**

   **A. The Plaintiff(s) - Additional Parties**

   Michael O'Donnell
   7830 W. Alameda Ave #103
   Lakewood (Jefferson County)
   CO 80226

   Rich Wyatt
   PO Box 3231
   Evergreen (Jefferson County)
   CO 80439

   Selvoy Fillerup
   1120 Beaver Brook Canyon Rd
   Evergreen (Clear Creek County)
   CO 80439

   Deborah Tono
   PO Box 14
   Eastlake (Adams County)
   CO 80614

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name    The Northwest District of the Wesleyan Church
    Job or Title *(if known)*
    Street Address    919 Airport Road
    City and County    Sheridan (Sheridan County)
    State and Zip Code    WY, 82801
    Telephone Number    605-440-0926
    E-mail Address *(if known)*    info@northwestdistrict.org

Defendant No. 2
    Name    Matthew Shulaw
    Job or Title *(if known)*    Pastor
    Street Address    1402 Ponderosa Dr.
    City and County    Sturgis (Meade County)
    State and Zip Code    SD 57785
    Telephone Number    605-890-0015
    E-mail Address *(if known)*    lifespringsturgis@gmail.com

Defendant No. 3
    Name    Greg McDougall
    Job or Title *(if known)*    Business Manager
    Street Address    16603 McDougall Pl.
    City and County    Piedmont (Meade County)
    State and Zip Code    SD 57769
    Telephone Number    605-209-0012
    E-mail Address *(if known)*    greg@thechemistrylab.com

Defendant No. 4
    Name    David E. Kahler - Keller Williams Realty Black Hills
    Job or Title *(if known)*    Responsible Broker
    Street Address    2401 W. Main
    City and County    Rapid City ( Pennington County)
    State and Zip Code    SD 57702
    Telephone Number    605-484-8080
    E-mail Address *(if known)*    david@thekahlerteam.com

1. **The Parties to this Complaint - Continued**

    B. **The Defendant(s) – Additional Parties**

    Jeffery Christians
    Broker - Christians Team Real Estate Inc.
    1001 Lazelle St.
    Sturgis (Meade County)
    SD 57785
    605-920-0425
    jeff@christiansteam.com

    Tim Hoffman
    Designated Broker - Keller Williams Realty Black Hills
    2401 W. Main
    Rapid City (Pennington County)
    SD 57702
    605-431-4545
    timhoffman@kw.com

    Sarah Peterka
    Broker – Peterka Real Estate
    1010 Ballpark Road #9
    Sturgis (Meade County)
    SD 57785
    605-661-2802
    sarahpeterka@kw.com

    Will Dixon
    Designated Broker– Keller Williams Realty Black Hills
    2401 W. Main
    Rapid City (Pennington County)
    SD 57702
    605-390-1140
    willdixon@kw.com

    Junction Plaza Partners, LLC
    1612 Junction Ave. Suite 3
    Sturgis (Meade County)
    SD 57785-2166
    605-347-3912
    Theresa.law@goaccurant.com

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question      ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

       The plaintiff, *(name)* Jack Johnson, is a citizen of the State of *(name)* Colorado.

    b. If the plaintiff is a corporation

       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

       The defendant, *(name)* Matthew Shulaw, is a citizen of the State of *(name)* South Dakota. Or is a citizen of *(foreign nation)* _____.

II. **Basis for Jurisdiction Is Diversity of Citizenship – continued**

1. **The Plaintiff(s)**

   The plaintiff, Michael O'Donnell, is a citizen of the State of Colorado.

   The plaintiff, Rich Wyatt, is a citizen of the State of Colorado.

   The plaintiff, Selvoy Fillerup, is a citizen of the State of Colorado.

   The plaintiff, Deborah Tono, is a citizen of the State of Colorado.

2. **The Defendant(s)**

   The Defendant, The Northwest District of the Wesleyan Church, is incorporated under the laws of the State of South Dakota, and has its principal place of business in the State of Wyoming.

   The Defendant, Greg McDougall, is a citizen of the State of South Dakota.

   The Defendant, David E. Kahler, is a citizen of the State of South Dakota.

   The Defendant, Jeffery Christians, is a citizen of the State of South Dakota.

   The Defendant, Tim Hoffman, is a citizen of the State of South Dakota.

   The Defendant, Sarah Peterka, is a citizen of the State of South Dakota.

   The Defendant, Will Dixon, is a citizen of the State of South Dakota.

   The Defendant, Junction Plaza Partners, LLC, is organized under the laws of the State of South Dakota, and has its principal place of business in the State of South Dakota.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

   b.  If the defendant is a corporation

     The defendant, *(name)* See attached , is incorporated under the laws of the State of *(name)* , and has its principal place of business in the State of *(name)* .

     Or is incorporated under the laws of *(foreign nation)* , and has its principal place of business in *(name)* .

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

  3.  The Amount in Controversy

   The amount in controversy--the amount the plaintiff claims the defendant owes or the amount at stake--is more than $75,000, not counting interest and costs of court, because *(explain)*:

   Contract value of property is $700,000. Amounts paid exceed $75,000 and actual and punitive damages exceed $20,000,000. Plaintiffs seeks to recoup all funds paid and damages for loss of business enterprise and investments, based on fraudulent inducement and misrepresentations.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

7 of 13
Page 4 of 7

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

1. On 7/08/21, Kentomi Alibenbret Capital Inc. and/or Assigns (Purchaser) entered into a commercial Real Estate Purchase Agreement (REPA) with The Northwest District of the Wesleyan Church (Seller) to purchase the property known as 1620, 1628, 1638, 1706 and 1736 Junction Ave. Sturgis SD for a total purchase price of $700,000. Lots 1620 & 1628 represent the parking lot.

Subsequently, the right, title, claim, and interests in and to the REPA, the Property, and all sums paid or deposited into escrow or to Seller by Purchaser, or any affiliate of Purchaser, in connection with the REPA were assigned to Jack Johnson and Deborah Tono.

Another commercial office property, known as 1612 Junction Ave., is located on the north side adjacent to lot 1620 & 1628. The owners of this office building, Junction Plaza Partners, LLC, were consistently using the parking lot, which they did not own, for their employee and customer parking.

In September 2021, during the due diligence period, Johnson asked Shulaw, in person, if there was a written agreement concerning the use of the parking lot. Shulaw stated, "No, just a gentlemen's agreement, a handshake".

On January 24, 2022, Johnson sent a letter to Junction Plaza Partners, LLC in regard to the unauthorized use of the parking lot. On January 26, 2022, Travis Jones, an attorney with Clayborne, Loos and Sabers LLP responded with a letter stating to the effect that his client had a parking lease agreement with the First Wesleyan Church (owned by The Northwest District of the Wesleyan Church) that provided for lifetime use of the parking lot. Mr. Jones wrote, "I do not know if this was disclosed to you during your purchase of the property, but it should have been". He included a copy of the "lease" agreement.

Prior to excuting the REPA, Defendants failed to inform Plaintiffs of this agreement, which encumbered the property or provide a copy of the written agreement, executed by a senior manager of the Defendant, between the Defendant and Junction Plaza Partners LLC, who was making a "lifetime" claim on the property.

Greg McDougall, acting as the church's Business Manager signed the REPA on 7/12/22 but failed to mention the parking lot agreement until confronted by Johnson in January 2022, six months later. The Defendants knowingly and intentionally concealed the existence of the parking lot agreement and misled the Plaintiffs when asked if there was a written agreement.

This claim was never resolved, even though McDougall assured Johnson, on multiple occasions during the first quarter of 2022, that "The church will do whatever it has to do to adjudicate the agreement and find it void." Contrary to McDougall's promises, the church took no action to adjudicate the agreement, but instead insisted that Plaintiffs close on the property with the claim still outstanding, which Plaintiffs refused to do.

Subsequently, Black Hills Title Company placed an exception on the title relating to this outstanding claim. The Defendants were unable to provide clear title and close on the property by the closing date, July 29, 2022, putting the Defendants in breach of contract. In addition, the Defendants purposely hid critical information concerning the use of the building that would have required the Plaintiffs to spend an additional $500,000 on the building, almost doubling the cost, in order to use it for their intended purposes, if the sale had been consumated. If Plaintiffs had known of the material misrepresentations and ommissions made by the Defendants, Plaintiffs would not have entered into the REPA.

The Defendants committed fraud against the Plaintiffs by failing to disclose the written agreement concerning the parking lot prior to the execution of the REPA between the parties.

2. As a result of Defendant's misrepresentations, Plaintiffs were unable to secure financing for the purchase. Paragraph 7.2 (Other Provisions) of the REPA states, "Offer is contingent on financing." Paragraph 9 (Earnest Money/Deposits) of the REPA states, "…if Purchaser is unable to secure financing, if so contingent, …this agreement is void and Purchaser's money shall be returned in full…"

Therefore, the REPA is void and unenforceable.

3. On June 12, 2022, a hailstorm damaged the roof of the property and the roof started leaking. Johnson immediately notified McDougall of the damage. McDougall stated that they had "just switched insurance carriers two days before and they had a $12,000 deductible."

Johnson told McDougall, "That's your problem. You'll need to have the roof replaced or issue a credit for the cost." McDougal sent over their maintenance man, Dan Battles, to inspect the damage, the same day. When Battles arrived, the roof was leaking. Johnson took pictures of the water running down the ceiling and wall. Subsequently, the Defendants did nothing. No effort to repair or replace the damage was made and each time it rained thereafter the roof leaked.

McDougall had previously represented that they had full coverage on the building in case of any loss. As was later disclosed to Johnson by Defendant's attorney, Verne Goodsell, the Defendants did not have insurance coverage for hail damage on the roof because they had made a prior claim, collected the insurance proceeds and did not repair the roof, so the insurance carrier refused to cover the damage. This constituted another material misrepresentation by the Defendants.

Since the Defendant, The Northwest District of the Wesleyan Church was still the legal title owner of the property, it was their responsibility to repair the damage or provide a credit at closing for the appropriate amount. The Defendants made no effort to do either. In fact, they adamantly refused. As of the date of this filing, the roof remains damaged, and no credit was ever offered.

4. In March 2022, the Plaintiffs were notified by the City of Sturgis that they could not use the building for commercial purposes unless a fire suppression system (sprinkler system) was installed throughout the building. Johnson immediately arranged a meeting with Shulaw and McDougall, at the offices of Lifespring Wesleyan Church (owned by The Northwest District of the Wesleyan Church) to discuss the situation. During that meeting, Shulaw stated, "I was thinking about the sprinkler system but decided it was your responsibility to find out for yourself". McDougall insisted that the building did not require a sprinkler system and that the Director of Planning and the Building Inspector for the city of Sturgis were wrong. After several meetings and phone discussions with Dave Smith, Director of Planning and Permitting and Corina Tibbits, Building Inspector, the city insisted that the sprinkler system be installed in order to use the building for Plaintiffs intended purposes.

Prior to executing the REPA, Johnson and Shulaw had several conversations about the Plaintiffs anticipated use of the building as a corporate headquarters and training center. Shulaw said nothing about the sprinkler system issue, even though he had knowledge that the Plaintiffs could not use the building without spending hundreds-of-thousands of dollars on improvements.

Three fire sprinkler system installation companies estimated the cost at $400,000-$500,000, almost doubling the cost of the property.

The Defendants committed fraud against the Plaintiffs by failing to disclose a material fact, that Defendants had knowledge of, that directly impacted the Plaintiffs ability to use the building as intended.

5. On July 8, 2021, the Plaintiffs entered into a Buyers Agency Agreement with Keller Williams Realty Black Hills (Agency). This agreement stated that the Agency represented **only** the Plaintiffs interests during the transaction. It stated that David E. Kahler was the responsible broker, and that Tim Hoffman and Will Dixon were the designated brokers. Plaintiffs never met or spoke with these individuals at any time. Plaintiffs initial contact with the realty firm was with Jeff Christians. He assigned Sarah Peterka, an agent, to represent the Plaintiffs. After meeting Peterka, Johnson called Christians to voice his concerns about her experience in commercial transactions. Christians adamantly assured Johnson that Peterka was a well-qualified commercial real estate agent and could handle any issue involving the transaction.

An "Addendum to Buyer Agreement" was also executed by Johnson, on the same date, with eleven individuals representing the Agency. The Addendum stated:

*Keller Williams Realty Black Hills utilizes a "team" approach in its client real estate relationships. Once a client enters into a Keller Williams Realty Black Hills Buyer Agency Agreement, the client's buy process will include a team of licensed brokers, salespersons, and employed administrative support personnel who will be directly involved with the client to ensure the highest degree of customer satisfaction. Each broker, salesperson, and administrative support personnel employed by the team will remain subject to the standard code of ethics and responsibility to the client required under South Dakota State law. Your team will be composed of the following licensed individuals: Jeffery Christians, Christina Christians, Markay Gold, Sarah Peterka, Jeffrey Herr, Madison Reeves, Darla Jordan, Seth Niederwerder, Becca Ellendorf, and Adriane Grabinski.*

The document was signed by all the individuals listed above and one other individual, Beth Staeckeler, who was not listed in the above statement.

Plaintiffs were lulled into a false sense of security by the above statement. It would only make common sense that if eleven "licensed professionals" were looking out for Plaintiffs best interests, that one of them would know or should have known the commercial building code requirements for Plaintiffs intended use, or absent that knowledge, would have researched it to properly consult with Plaintiff about the issue. Local commercial real estate agents and brokers would know or should know about these types of issues that an out-of-state buyer would not have knowledge of. Plaintiff relied upon the Defendant's fiduciary duty to Plaintiff and their representations of their expertise, experience and knowledge, which includes whether a building can be used for the intended purposes by the Buyer.

The same holds true for the undisclosed parking lot agreement. Plaintiffs maintain that it was within the Defendant's fiduciary duty to ascertain from the seller, or its real estate agent, if there were any outstanding claims against, or agreements encumbering, the property.

The City of Sturgis has a population of less than 7,000 inhabitants. In such a small town, commercial real estate agents have their fingers on the pulse of the market. Everyone knows everyone else. Plaintiffs find it incredulous that an entire staff of commercial real estate professionals representing Plaintiff could not have uncovered these issues if they had been acting in the best interest of Plaintiffs or had executed their responsibilities and fiduciary duty required under the Buyers Agency Agreement.

Plaintiffs maintain that Defendants misrepresented their experience in commercial real estate transactions and as a result of their inexperience, incompetence, and lack of due diligence, Defendants caused Plaintiffs to execute the REPA and subsequently suffer substantial financial loss.

6. The written agreement concerning the parking lot is a central issue of Plaintiffs' claims. The Northwest District of the Wesleyan Church maintains that the agreement is unenforceable. Junction Plaza Partners LLC claims that it is. Plaintiffs were unknowingly placed in the middle of these claims.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiffs seek the following:

1. Recision of the Real Estate Purchase Agreement and the return of $35,000 in equity payments made to the Defendants, for reasons outlined below. Refusal to refund Plaintiff's payments continues to harm Plaintiffs.

    a. Defendants failure to inform Plaintiffs of a material claim on the property prior to execution of the Real Estate Purchase Agreement.

    b. Defendants failure to provide a copy of the written parking lot agreement that effectively transferred ownership of the parking lot to a third party.

    c. Defendants failure to resolve the claim on the property making it impossible for Defendant to close, without an exception on the title commitment, by the contracted closing date.

    d. Defendant's refusal to repair or replace the storm damaged roof prior to closing or provide a credit for the replacement amount.

2. Repayment of $50,000 in expenses directly related to the purchase and maintenance of the property. If not for Defendant's fraudulent inducement, Plaintiffs would never have moved their businesses into the property, incurring tens-of-thousands of dollars in expenses. It was only after Plaintiffs moved their business operations into the property that Plaintiffs became aware of Defendant's fraud.

3. The payment of $5,000,000 for the loss of the business value and investment, incurred by Plaintiffs, as a direct result of Defendant's fraud. This includes the loss of revenue, the loss associated with developing the business, and the loss of the future value of the business enterprise.

4. The payment of $20,000,000 in punitive damages. Defendants knowingly and intentionally hid or misrepresented critical facts concerning the building, which directly affected Plaintiffs ability to operate their business within the building, as anticipated, and caused Plaintiffs to incur a substantial financial loss.

5. Plaintiffs ask the court to adjudicate the parking lot agreement between The Northwest District of the Wesleyan Church and Junction Plaza Partners, LLC.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/07/2023

Signature of Plaintiff

Printed Name of Plaintiff    Jack Johnson

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Signature of Plaintiffs – Continued

Date: 4/7/2023

/S/ Michael O'Donnell
Michael O'Donnell

/S/ Rich Wyatt
Rich Wyatt

/S/ Selvoy Fillerup
Selvoy Fillerup

/S/ Deborah Tono
Deborah Tono