IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00870-SKC-KAS

JACK JOHNSON *et al.*

    Plaintiffs,
v.

THE NORTHWEST DISTRICT OF THE WESLEYAN CHURCH *et al.*

    Defendants.

---

## ORDER RE: DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION (DKTS. 8, 9, & 12)

---

Before the Court are Defendants The Northwest District of the Wesleyan Church, Matthew Shulaw, Greg McDougall, David E. Kahler, Jeffery Christians, Tim Hoffman, Will Dixon, Sarah Teterka, and Junction Plaza Partner's, LLC's ("Defendants") Motions to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction. Dkts. 8, 9, & 12.[1] In relevant part, Defendants all seek dismissal under Fed. R. Civ. P. 12(b)(2).

The Motions are each fully briefed, and the Court concludes no hearing is necessary. After carefully considering the Motions and associated briefing, the

---

[1] The Court uses "Dkt. __" to refer to specific entries in the CM/ECF electronic docket.

1

Complaint, and applicable law, the Court GRANTS the Motions as far as dismissal is concerned and DENIES them to the extent they seek a dismissal with prejudice.

## BACKGROUND

Plaintiffs are all *pro se*, and therefore, the Court liberally construes their filings but without acting as their advocate. This background is taken from the well-pleaded factual allegations in the Complaint, which the Court accepts as true and views in the light most favorable to Plaintiffs. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010).

The Complaint raises claims related to a commercial real estate purchase agreement on July 8, 2021, between Kentomi Alibenbret Capital Inc. (KACI) and Defendant The Northwest District of Wesleyan Church for property in Sturgis, South Dakota. Dkt. 1 p.8. Plaintiffs are all shareholders of KACI. Dkt. 14 p.10. After KACI acquired the property, it discovered the Church had a lease agreement with Junction Plaza Partners, LLC (JPP) for the use of the Church's parking lot. Dkt. 1 p.8. Plaintiffs claim the Church, Defendant McDougall, and Defendant Shulaw, committed fraud by failing to disclose this agreement to KACI.[2] *Id.*

Plaintiffs named JPP as a Defendant because Plaintiffs are asking the Court to find the parking lease agreement between JPP and the Church unenforceable. *Id.* at p.10. Additionally, Plaintiffs bring claims against the Church, McDougall, and

---

[2] Defendants McDougall and Shulaw are employees of the Church and communicated with Plaintiff Jack Johnson about the parking lease agreement and sprinkler system.

Shulaw alleging these Defendants materially misrepresented the fact that the property would need a sprinkler system installed in order to be used for a corporate headquarters and training. *Id.* at p. 9.

Plaintiffs also entered into a buyer's agreement with Keller Williams Realty Black Hills on July 8, 2021, for their purchase of property from the Church. *Id.* at p.10. Defendants Christians, Dixon, Hoffman, Kahler, and Peterka (Brokers) are all employees of Keller Williams. *Id.* Plaintiffs bring claims against the Brokers for their "inexperience, incompetence, and lack of due diligence" which caused Plaintiffs' financial loss. *Id.* In total, Plaintiffs are seeking $25,070,000 in damages. Dkt. 1 p.11.

The Church, McDougall, and Shulaw filed a Motion to Dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue. Dkt. 8. JPP filed a Motion to Dismiss for lack of personal jurisdiction. Dkt. 9. And the Brokers filed a Motion to Dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue. Dkt. 12. The Court will address the lack of personal jurisdiction argument presented in each of the three motions.

## LEGAL PRINCIPLES

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether a court has personal jurisdiction over a defendant. The question of personal jurisdiction must be addressed before a court can reach the merits of a case because "a court without jurisdiction over the parties cannot render a valid judgment." *OMI*

*Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Leney v. Plum Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982)).

The plaintiff bears the burden of establishing either general or specific jurisdiction over the defendants. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). The plaintiff may survive a motion to dismiss by presenting evidence (either uncontested allegations in its complaint or other materials such as affidavits or declarations) "that if true would support jurisdiction over the defendant." *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1091).

## ANALYSIS

To establish personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has

established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). Because Colorado's long-arm statute extends as far as the constitutional limits of the Due Process Clause, the court has jurisdiction over defendants coextensive with the Due Process Clause. *Benton*, 375 F.3d at 1075; *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472. Second, where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). The burden of proof is on the plaintiff to establish the requisite minimum contacts. *OMI Holdings*, 149 F.3d at 1091.

Defendants all reside in South Dakota. Dkt. 1 p.6. The Church's principal place of business is in Wyoming, and JPP's principal place of business is in South Dakota. *Id.* Plaintiffs filed the Complaint and claimed jurisdiction based on diversity of citizenship. Dkt. 1. But they did not allege facts showing any of the Defendants have any contacts, let alone minimum contacts, with Colorado. *Id.* And Plaintiffs have put

little effort, if any at all, into the endeavor. For example, in response to the Motions to Dismiss, Plaintiffs do not even claim to have personal jurisdiction over Defendants; they argue, "It would be impossible for Plaintiffs to know whether or not Defendants have conducted business in Colorado. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of each Defendant's individual claim that the Court lacks personal jurisdiction." Dkt. 14 p.12. Plaintiffs have confessed the point.

Plaintiffs have failed to demonstrate that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *See Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Plaintiffs make no argument that this Court has personal jurisdiction over any Defendant, they did not plead any facts in the Complaint to plausibly allege personal jurisdiction over any Defendant, and they concede that they lack information to establish personal jurisdiction. Dkt. 14 p.12. Plaintiffs have not requested discovery to discern the minimum contacts of any Defendant. Accordingly, the Court finds that Plaintiffs have failed to meet their burden to establish that this Court has personal jurisdiction over Defendants.

*       *       *

For the reasons shared above, the MOTION TO DISMISS is GRANTED. It is ORDERED that the dismissals ordered herein shall be without prejudice. The Court FURTHER DENIES Plaintiffs' Motion to Change Venue, Dkt. 15, as MOOT.

DATED: April 9, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge